# SUPREME COURT OF THE STATE OF GEORGIA,

AT ATHENS,

MAY TERM, 1859.

Present—JOSEPH H. LUMPKIN,
HENRY L. BENNING, } Judges.
LINTON STEPHENS,

28  327
90  556

## CATO vs. GENTRY ET AL.

A pecuniary legacy to infant wards, payable when they become twenty-one, was charged on lands. The devisees of the lands, paid the legacies to the guardian, before the wards became twenty-one. Afterwards, the devisees sold the lands. *Held*, that the lands, in the hands of the purchaser, remained charged with the legacies.

In Equity, in Hancock Superior Court. Decision by Judge THOMAS, October Term, 1858.

This was a bill filed by William P. Cato and James F. Cato against Samuel T. Gentry, Sterling G. Cato and Lewis F. Cato, executors of the last will of Green Cato, deceased. Green Cato died in 1838, after having made

and executed his last will, dated November 14th, 1837. In the 3d item of said will he makes the following devise and bequest: "At the time of lawful age or marriage of my youngest daughter, Emily Cato, or on the marriage of my wife, should such an event take place, I give, devise and bequeath to my two sons, Sterling G. Cato and Lewis F. Cato, all of my real estate of which I die seized and possessed, consisting of the homestead plantation, of 1170 acres, be the same more or less, upon condition that they are to pay to the two sons of William P. Cato, now deceased, three hundred dollars to each of my said grandsons on arriving at the age of twenty-one years, hereby charging my said real estate with the payment to my said grandsons of three hundred dollars each, provided each shall live to arrive to the age of twenty-one years. Should one of my grandsons die before the age of twenty-one years, in that event I desire the survivor to receive the legacy of six hundred dollars. Should both die before the age of twenty-one years, it is my intention for said sums not to be paid."

Sterling G. and Lewis F. Cato went into possession of the land after the death of the testator, and afterwards sold the same to Samuel T. Gentry. In March, 1837, James W. Cato was appointed guardian of the grandsons. During the minority of complainants, the devisees made their promissory note to James W. Cato, guardian of the grandsons, for the sum of six hundred dollars. Suit was brought on said note and the amount received and paid to the guardian. At the arrival of age of the grandsons, suit is brought by bill against Samuel T. Gentry to recover the amount of the legacy charged upon the land. Pending suit, Sterling G. and Lewis F. Cato were made parties defendants with Samuel T. Gentry. The defendants plead payment to the guardian of the wards, and complainants demur to the plea on the ground that the legacy to the minor did not vest until the wards arrived

at full age, and a payment to the guardian before that time did not discharge the liability of Samuel T. Gentry. The court overruled the demurrer, and charged the jury that the payment to the guardian operated as a discharge. Upon this ruling error is assigned. The jury found for the defendants.

E. H. POTTLE, for plaintiffs in error.

A. H. STEPHENS and R. TOOMBS, for defendants in error.

Judge STEPHENS, having been formerly of counsel in this case, did not preside.

*By the Court.*—BENNING, J., delivering the opinion.

The legacies to the two minor grandsons were not due when they were paid to the guardian of those grandsons. The legacies were a charge on the land devised to the two sons, Sterling G. Cato and Lewis F. Cato, the persons who paid to the guardian the legacies. The two sons afterwards sold the land to Gentry, who, of course, took the lands subject to the charge on them, of the legacies, if that charge had not been satisfied, by the payment of the legacies to the guardian. That payment was voluntary; promissory notes for the legacies were given and taken, voluntarily.

The question, therefore, is, did the payment, under these circumstances, satisfy the legacies? If it did, the plea of payment was good, and the decision of the court below right; if it did not, the plea was bad, and the decision wrong.

The payment satisfied the legacies, if the act of payment was binding on the minor wards; the payment did not satisfy the legacies if the act of payment was not binding on them. Was that act, then, binding on them?

It seems to be a principle of law, that an act of this

kind is binding on the ward if it turns out to be advantageous to him, and it is not binding on him if it does not so turn out. Story says: "But if an estate is charged with a sum of money, payable to an infant, at his majority, then, the purchaser is bound to see the money duly paid on his arrival at age; for the estate will remain chargeable with it, in his hands,"—Stor. Eq. Jur. § 1133. And this position, we think, is supported by the authorities.—See Dickerson v. Dickerson, 3 Bro. C. C. and note; 2 Sug. Ven. and Pur. 102–105–100; 14 Ves. 273, Eq. Dig. "guardian" III; Macpherson on Inf., 272 *et. seq.*

Under these authorities, we think the act of payment was *not* binding on the wards; consequently, we think, that the decision was wrong.

Judgment reversed.