W. H. YOUNG, plaintiff in error, *vs.* CHARLES WISE, defendant in error.

(BY TWO JUDGES.)—1. When a case is carried to the Supreme Court by defendant, and a *supersedeas* bond given, on affirmance of the judgment, plaintiff is entitled to have a *fi. fa.* issued against both principal and surety without entering up formal judgment upon the bond.

2. When cotton was loaned, during the late war between the Confederate and United States, and a contract entered into for the return of the same quality and quantity of cotton to the lender at the end of the war, or at any time agreed upon between the parties, the contract is subject to the Relief Act of 1870, and the tax affidavit must be attached to the *fi. fa.* issued upon a judgment founded on such contract, before levy.

3. Where plaintiff in *fi. fa.* makes the tax affidavit, and defendant files a counter-affidavit, denying that the taxes have been paid, as defendant is informed and believes, the issue as to the payment of the taxes should be submitted to the jury.  5th March, 1872.

Principal and Surety.  Relief Act of 1870.  Jury Trial. Constitutional law.  Before Judge JOHNSON.  Muscogee Superior Court.  June, 1871.

The facts are in the opinion.

H. L. BENNING, for plaintiff in error.

PEABODY & BRANNON, for defendant.

MONTGOMERY, Judge.

Wise obtained judgment against the Eagle Manufacturing Company, on a debt due him for a loan of cotton made in 1864, and which was to be returned in kind, at the close of the war, on demand or at such other time as the parties should agree on.  No other time was agreed on, and the demand was made in 1866, and payment refused.

The company excepted to the judgment, and carried the case to the Supreme Court, giving a *supersedeas* bond with Young as surety.  The judgment was affirmed, and the Clerk issued execution on the bond without entry of formal

judgment thereon.   Plaintiff, Wise, attached an affidavit of payment of taxes to his *fi. fa.* as required by the Relief Act of 1870, and defendants filed a counter-affidavit of illegality, denying the payment of taxes by plaintiff, as defendants were informed and believed.   Plaintiff testified he had not paid any taxes because none were due, he being a non-resident of the State.   He did not swear that he was a non-resident at the creation of the debt and had been so continuously since. The *fi. fa.* was levied on one hundred and fifty shares of the Eagle Manufacturing Company, belonging to Young, the surety, and a return of *nulla bona*, as to the principal, made. Young moved to quash the execution because there was no formal judgment entered on the bond.   The Court overruled the motion, and dismissed the illegality, " on the ground that the debt on which the *fi. fa.* is founded is not an old debt, and is not included in the Act of 13th October, 1870, to extend the lien of set-off and recoupment as against debts contracted prior to June 1st, 1865."

1. We think the Court was right in refusing to quash the execution.   It is admitted that the statute of October 29th, 1870, in connection with Code sections 4222, 3513, 3612, allows the issue of the execution " without further proceedings."

But this is said to be unconstitutional—that the surety is entitled to a jury trial :   Constitution of Georgia, Art. V., Section 13.

But section 3, paragraph 3, of same article, says :   " The Court shall render judgment without the verdict of a jury in all civil cases founded on contract, where an issuable defense is not filed on oath."   True, the Clerk issues execution here without formal judgment.   Of that presently.   If the defendant has an issuable defense, his affidavit of illegality will bring it before a jury, as will appear in this very case.

If this position of counsel be tenable, then all laws providing for giving bonds, and the subsequent proceedings thereon, in replevies, in attachments, appeals, claims, stay of execu-

tions, etc., are unconstitutional. The right of trial by jury is only to "remain" inviolate, *i. e.*, to remain as it existed before the Constitution. Most of these laws existed before the Constitution, and though the Constitution of 1798 contained a similar provision, yet no one ever thought to question them under its provisions. The present Conttitution has adopted the language of the Constitution of 1798, with the received interpretation indicated by the passage of these Acts, and action under them for very many years.

The case of *Tift and others vs. Griffin*, 5 Georgia, 185, would seem at first view to lend some support to the position of counsel for plaintiff in error. But in the very next case in the same volume, the *Flint River Steamboat Company vs. Foster*, 5 Georgia 194, the question is exhaustively considered by Judge Lumpkin, whether as effected by the Federal or State Constitution, and the conclusion now arrived at by the Court elaborately sustained. See the case, and especially page 213, where the Bank of Columbia *vs.* Oakley, 4 Wheaton, 235, is quoted and approved. This last case was an issue of execution by the Clerk, at the instance of the Bank, upon a note which the defendant permitted to go to protest. The proceeding was had under a Maryland statute, which authorized it to be done *without judgment.* The objection was taken, that it violated both State and Federal Constitution, as to the right of trial by jury.

The Supreme Court of the United States sustained the constitutionality of the Act, and so, afterwards, did the Supreme Court of Maryland, in Bank of Columbia *vs.* D. Ross, 4 Hare and McHen., 455. The case before the Supreme Court of the United States would seem to be identical in principle with the case now under consideration. In both, the Clerk is authorized to issue execution without judgment. If the execution was good in that case, it must be in this.

2. We think, however, that the debt was such an one as the Relief Act of 1870 required the taxes to be paid upon and the affidavit filed. Had it been a promissory note, pay-

able on demand in cotton, it will hardly be questioned that it was taxable. We do not perceive the difference, for the purposes of taxation, between a debt of the present character and a note payable in specifics.

3. As the counter-affidavit made a distinct issue of fact, we think the issue should have been submitted to the jury.

Judgment reversed.