## NAPIER *v.* VARNER *et al.*

GEORGE, J.  On August 26, 1915, F. G. Varner, leased from J. H. Napier, the owner, a tract of land in Wilkinson county, for a term of five years, beginning January 1, 1916. In the fall of 1918 Napier sued out a distress warrant for rent, foreclosed his landlord's lien for supplies, and brought an action in trover against Varner for certain personal property. Varner thereupon filed a petition in equity, to enjoin the distress warrant, the lien foreclosure, and the trover suit, and for the appointment of a receiver of the property which had been seized by the sheriff under the proceedings aforesaid. A temporary receiver was appointed as prayed. Napier filed his cross-petition, and, for other relief, prayed that Varner be required to deliver to the receiver certain other property not already taken possession of by the receiver. Varner answered the cross-petition, and, for special reasons therein stated, prayed the court to direct the receiver to pay to his counsel of record a specified fee out of the proceeds of his (Varner's) property in the hands of the receiver. At the interlocutory hearing, on December 20, 1918, A. B. Dover, M. J. Richardson, S. E. Mallory, Roscoe Mallory, and Wilson Mallory, subtenants of Varner, intervened, setting up rights and interests in the funds and ‘property in the hands of the receiver. Napier objected to these interventions, on the ground that they were premature, and, subject to his objections, filed answers denying the allegations thereof. On the interlocutory hearing, in vacation, and before the return term, and over the objection of Napier, the judge directed the receiver to pay to Dover, $243.50, to Richardson $445.15, and to the three Mallorys $108.50, $141.60 and $37.70, respectively, and to the attorney of record for Varner $100. To this judgment and order Napier excepted, "because the same is. contrary to law and without evidence to support it, and said order is final and not interlocutory in its nature, and not a proper order to be passed upon on interlocutory hearing;" and because "the property from which the proceeds arose out of which said judgments were directed to be made was in the hands of the sheriff under common-law process and the proceeds could in no

event be restored to any one except the sheriff." The intervenors, Dover, Richardson, and the three Mallorys, filed a motion to dismiss the writ of error, upon the ground that it was prematurely brought, "the judgment complained of not being a final judgment, and the original case being still pending in the superior court of Wilkinson county." *Held:*

1. The judgment excepted to was final in its nature, within the ruling in *Booth* v. *State*, 131 *Ga.* 750, 754 (63 S. E. 502) ; *Moody* v. *Muscogee Manufacturing Co.*, 134 *Ga.* 721 (68 S. E. 604, 20 Ann. Cas. 301).

2. The judgment excepted to, being final in its nature and not merely interlocutory, was void for want of jurisdiction in the court to render the same in vacation. It is immaterial that the judgment rendered was demanded by the admissions in the pleadings as they then stood. *Booth* v. *State*, supra.

3. It follows that the court erred in rendering final judgment in favor of the intervenors at the interlocutory hearing in vacation and before the appearance term.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and Gilbert, J., disqualified.*

No. 1275. December 11, 1919.

Equitable petition; interventions. Before Judge Park. Wilkinson superior court. December 20, 1918.

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.

*G. H. Carswell, Allen & Pottle,* and *J. H. Hall,* contra.