### Napier *v.* Dover *et al.*

Beck, P. J. On August 26, 1915, F. G. Varner leased from J. H. Napier, the owner, a tract of land in Wilkinson county for a term of five years, beginning January 1, 1916. In the fall of 1918 Napier sued out a distress warrant for rent, foreclosed his landlord's lien for supplies, and brought an action in trover against Varner for certain personal property. Varner thereupon filed a petition in equity, to enjoin the distress warrant,

the lien foreclosure and the trover suit, and for the appointment of a receiver of the property which had been seized by the sheriff under the proceedings aforesaid. A temporary receiver was appointed as prayed. Napier filed his cross-petition, and, for other relief, prayed that Varner be required to deliver to the receiver certain other property not already taken possession of by the receiver. Varner answered the cross-petition, and, for special reason therein stated, prayed the court to direct the receiver to pay to his counsel of record a specified fee out of the proceeds of his (Varner's) property in the hands of the receiver. At the interlocutory hearing, on December 20, 1918, A. B. Dover, M. J. Richardson, S. E. Mallory, Roscoe Mallory, and Wilson Mallory, subtenants of Varner, intervened, setting up rights and interests in the funds and property in the hands of the receiver. Napier objected to these interventions, on the ground that they were premature, and, subject to his objections, filed answers denying the allegations thereof. On the interlocutory hearing in vacation, and before the return term, and over the objection of Napier, the judge directed the receiver to pay to Dover $243.50, to Richardson $445.15, and to the three Mallorys $108.50, $141.60, and $37.70, respectively, and to the attorney of record for Varner $100. To this judgment and order, on December 20, 1918, Napier excepted, and presented and had certified his bill of exceptions to the Supreme Court, on which bill of exceptions the record therein specified, including the intervention of the five subtenants above named, was transmitted to the Supreme Court, where the same was pending at the time of the rendering of the judgment to the rendition of which the present bill of exceptions is sued out. In the bill of exceptions assigning error upon the judgment and order of December 20, 1918, Napier expressly excepted to and assigned error on the order allowing the intervention and the judgment in favor of A. B. Dover, M. J. Richardson, S. E. Mallory, Roscoe Mallory, and Wilson Mallory. At the October term, 1919, of the superior court of Wilkinson county, in the absence of the plaintiff, F. G. Varner, and his attorney of record, and in the absence of the defendant, J. H. Napier, and his attorney of record, the above-named intervenors demanded a trial upon their intervention, and after the introduction of evidence by them, none being introduced by the plaintiff or defendant, a jury impaneled to try the said intervention rendered a verdict awarding to the intervenors certain sums stated, finding that it should be paid out of the money in the hands of the receiver; and the court rendered a judgment accordingly, directing the receiver to pay over to the named parties the sums awarded them. To this verdict and judgment Napier excepted on the ground, among others, that the court erred in submitting this case to a jury and in entering the judgment on the verdict, because the trial court was without jurisdiction in said case, and especially without jurisdiction to try said intervention "while said case and the intervention branch thereof was pending in the Supreme Court." *Held*, that the court was without jurisdiction to try the issues submitted to the jury while the case was pending in the Supreme Court. *Howard* v. *Lowell Machine Co.*, 75 *Ga.* 325; *W. & A. R. Co.* v. *State*, 69 *Ga.* 524.

*Judgment reversed, All the Justices concur, except Gilbert, J., disqualified.*
No. 1748. SEPTEMBER 18, 1920.

· Equitable petition; intervention. Before Judge Park. Wilkinson superior court. October 7, 1919. (See 149 *Ga.* 585, 586, 101 S. E. 579, 580.)

*Hardeman, Jones, Park & Johnston,* for plaintiff in error.
*Joseph H. Hall, Allen & Pottle,* and *George H. Carswell,* contra.