### 11894.  BETTS, executor, *v.* HANCOCK.

1. Pending review on writ of error of a case wherein judgment had been rendered in favor of a minor, there was no jurisdiction in the superior court in vacation, and in a county other than that where the judgment was rendered, to hear and pass on a petition by the next friend of the minor, to be allowed to compromise the judgment.
2. Upon affirmance of the judgment in a case wherein a supersedeas bond has been given, the defendant in error can have execution to issue against the principal and the surety, without entering formal judgment on the bond.
3. Payment, after affirmance of the judgment first mentioned, by the defendant to the attorneys for the plaintiff (who were to have one half of the recovery) of half the amount of the judgment, and acceptance thereof in full and final settlement of their claim, did not affect the rights of the minor.
4. There being no jurisdiction to pass the order allowing the next friend of the minor to settle the judgment, payment thereunder did not bind the minor; as the next friend was not authorized, without due judicial examination and approval, to settle the judgment.
5 No part of the money so paid to the attorneys, or to the next friend, having ever been received by the minor and retained after his majority, he was not estopped from enforcing the execution issued in his favor; although the unauthorized settlement by the attorneys and the next friend occurred more than seven years before the levy, and more than three years elapsed from the date of the minor's majority to the date of the levy.

DECIDED MAY 12, 1921,

Affidavit of illegality of execution; from Turner superior court — Judge Eve.   September 9, 1920.

*Edwin A. Rogers, James H. Tiplon,* for plaintiff in error.

F. G. *Boatright,* W. T. *Williams,* contra.

BLOODWORTH, J.  The demurrer to the affidavit of illegality was properly sustained.

(*a*)  Where a minor by next friend sues and obtains judgment in the superior court, and the defendant carries the case to the Supreme Court, while it is pending there the judge of the superior court has no jurisdiction to hear and determine in vacation, and in a county different from the one in which the judgment was obtained, a petition filed by the next friend of the minor, praying that he be allowed to compromise the judgment.  In *Western & Atlantic Railroad Co.* v. *State,* 69 *Ga.* 524, the Supreme Court held that where a judge signs a general bill of exceptions, " he thereby sends the whole case out of his jurisdiction into this court, and has no kind of authority over the cause until remitted from this court back to the court below."  In *Howard* v. *Lowell Machine Co.,* 75 *Ga.* 325 (1-*a*), it was held:  "The general rule is that, while a case is pending in this court on writ of error, further action by the court below in that case is coram non judice and void."  See *Napier* v. *Dover,* 150 *Ga.* 493 (104 S. E. 214).

(*b*)  "When a case is carried to the Supreme Court by defendant and a supersedeas bond given, on affirmance of the judgment plaintiff is entitled to have a fi. fa. issued against both principal and surety without entering up formal judgment upon the bond."  *Young* v. *Wise,* 45 *Ga.* 81 (1).  See also *Gwyer* v. *Kennedy,* 61 *Ga.* 255 (1); *Monroe* v. *Dumas,* 42 *Ga.* 239 (2); Civil Code (1910), § 6165 (2).

(*c*)  Where a suit was brought by one as the next friend of a minor, by attorneys who agreed to represent the plaintiff for one half of the recovery, and a judgment was obtained in favor of the plaintiff, and the Supreme Court affirmed the judgment, and thereafter the defendant paid to one of the attorneys of record for the plaintiff, "for himself and his associates, the sum of $4,433.20, the same being one half of the amount of said judgment, and the same was received and accepted by them in full and final payment and satisfaction of all their claim and interest with reference to the said case and the judgment therein," and it does not appear that the said sum or any portion thereof was received by the said minor or by his next friend for him, but (as is expressly shown by the affidavit of illegality in this case) the money was

accepted by the attorneys in settlement of their interest in the judgment, the rights of the minor are not affected by this voluntary payment made by the defendant to the attorneys.

(*d*) The judge who passed the order allowing a settlement of the judgment in this case having, under the ruling in paragraph (*a*) above, "no kind of authority over the cause," the order is void, and the payment made thereunder by the defendant to the "next friend" would not bind the minor, the "next friend" having no authority, without "due judicial examination and adjudication," to settle the judgment, and no part of the money having been turned over to the minor after he reached his majority. "A guardian ad litem or next friend has no authority to compromise or settle a suit except by leave of the court; a fortiori he can not compound or compromise a judgment in favor of the infant." 22 Cyc. 663 (f *a*) ; Edsall *v.* Vandermark, 39 Barbour (N. Y.), 589.

(*e*) No part of the money received by the attorneys of record or by the prochein ami, and "no property which is purchased with such consideration," ever having been turned over to the minor, and no such money or property having been received by him and retained after reaching his majority, he is not estopped from pursuing his rights under the execution in this case, even though the settlement of the attorneys of record and that of the next friend, both without authority of law, were made with the defendant more than seven years prior to the levy, and from the date the minor reached his majority to the date of the levy more than three years had elapsed; the judgment having been obtained on September 14, 1911, and execution issued thereon May 14, 1915, and duly entered of record, and levy made September 9, 1919. The affidavit of illegality, setting up the settlement mentioned above, was filed February 28, 1920, by George T. Betts, who had qualified as executor of J. S. Betts, one of the sureties on the supersedeas bond. See *Southern Cotton Oil Co.* v. *Dukes,* 121 *Ga.* 788 (4, 5) (49 S. E. 788) ; *White* v. *Sikes,* 129 *Ga.* 508 (2 *b*) (59 S. E. 228, 121 Am. St. R. 228) ; *Candler* v. *Clark,* 90 *Ga.* 556 (16 S. E. 645) ; *Cato* v. *Gentry,* 28 *Ga.* 327, 330; *Medders* v. *Baxley Banking Co.,* 17 *Ga. App.* 730, 732 (88 S. E. 407).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*