## WEBB *v.* SAUNDERS *et al.*

Where the payee of a note brought suit against the maker and certain other parties as indorsers, and there was no denial of liability of all the defendants to the payee, but one of the indorsers pleaded that he was liable as second indorser only, and the other indorsers as first indorsers, and a judgment was taken in favor of the payee against all of the parties at one term of the court, and at a subsequent term a trial was had and a verdict and judgment was rendered establishing the relative liabilities of the parties and fixing the liability of the indorser who claimed to be a second indorser, as such, and further finding and adjudicating that the second indorser was entitled to recover against the maker and first indorsers whatever he (the second indorser) might have to pay in consequence of having signed the note; and where the parties whose liabilities were fixed as those of first indorsers appealed the case to this court and gave a supersedeas bond with the usual conditions, upon the affirmance of the judgment the party in whose favor judgment was rendered had the right, without procuring another verdict and judgment, to enter up a judgment upon the bond for the full amount of the judgment rendered at the original trial in favor of the payee in the note.

No. 3399. APRIL 14, 1923. REHEARING DENIED JUNE 26, 1923.

Equitable petition. Before Judge W. E. Thomas. Colquitt superior court. August 3, 1922.

J. C. Webb filed an equitable petition against W. E. Saunders and T. V. Beard, sheriff, seeking injunctive relief, and praying that a certain execution issued against petitioner, which it was alleged was about to be levied upon his property, be declared void. Upon the trial of the case it was submitted to the court, without the intervention of a jury, upon an agreement of facts, in substance as follows: The Third National Bank of Atlanta brought suit against W. A. Oliff as maker, W. E. Saunders and John A. Carlton, as sureties, and Thad Adams as indorser, upon two cer-

tain promissory notes aggregating the sum of $2,000, which suit was returnable to the January term, 1919, of the superior court. Judgment was rendered in favor of the plaintiff and against the defendants, jointly and severally, at the April term, 1919, for the principal sum of $2,000, besides $219.32 as interest to date of judgment, $221.93 as attorney's fees, and future interest at 8 per cent. per annum. It was further ordered in said judgment that all rights and equities of the several defendants as between themselves " shall be held and preserved in court for future determination." Prior to the entry of this judgment W. E. Saunders amended his plea, admitting liability of himself and all of the other defendants to the plaintiff, but, by way of equitable defense, asking that his liability on the notes be fixed as that of second indorser only, and that whatever sums he might have to pay by reason of having signed the notes he recover of John A. Carlton and Thad Adams, without liability for an accounting or contribution on his part.

The issue thus raised between the maker and the sureties and indorser on the notes was continued, and did not come up for a hearing until the April term, 1920, of the superior court. Before that term, an execution had been issued upon the judgment rendered at the April term, 1919, against Oliff as maker, Adams as indorser, and Carlton and Saunders as sureties, for the sum of $2,501. Saunders was forced to pay, and did pay, said execution prior to the April term, 1920; and it appeared upon the trial that Saunders had already paid the sum of $2,501. At the April term, 1920, on the trial of the issue raised by the admendment to the plea of Saunders, the jury returned a verdict in his favor, finding that his liability upon the notes was that of second indorser only, and that the liability of Oliff was that of maker, and that the liability of Adams and Carlton was that of first indorser; further finding that whatever loss has resulted or may result to Saunders, by virtue of his having signed said notes, he may recover in full against Oliff as maker and Adams and Carlton as first indorsers, without liability for an accounting or contribution to them, or any of them, for any part of said liability or loss. A decree of the court was entered accordingly. Carlton and Adams filed their motion for new trial, which was overruled, and they sued out a bill of exceptions. Carlton, filed

a supersedeas bond, giving as sureties J. C. Webb, the plaintiff in error in this case, W. A. Webb, and Charles J. Webb, in which all of said parties acknowledged themselves jointly and severally bound for the eventual condemnation-money, and all subsequent costs. The Third National Bank of Atlanta was merely a nominal party in said proceeding; the real party at interest on the opposite side from Carlton and Adams was Saunders.

The Supreme Court of Georgia affirmed the judgment so excepted to. 152 *Ga.* 666. Judgment was entered on the remittitur from the Supreme Court, at the April term, 1922, of the superior court, against Oliff as maker, Adams and John A. Carlton as first indorsers, and J. C. Webb, W. A. Webb, and Charles J. Webb as sureties upon the supersedeas bond of Carlton, for the sum of $2,501, besides interest at 7 per cent. from April 17, 1920, that being the amount which Saunders had paid, as above shown.

Both sides having been heard, the court rendered and entered judgment denying an injunction, and entered judgment in favor of Saunders against J. C. Webb for the principal sum of $2,501, with interest and costs of suit. To this judgment Webb excepted. Numerous grounds of exception to the judgment are stated. They are in large part variations of the main contention,— that is, to the effect that Webb as surety upon the supersedeas bond was bound only for unpaid costs of court accruing in consequence of the case having been carried to the Supreme Court, in that the verdict and judgment in the case between Carlton and Saunders, in which the petitioner signed the supersedeas bond as surety, was merely a verdict and judgment fixing the liability of the parties, and therefore petitioner is only bound under the bond for unpaid costs, etc., accruing, for the reasons stated; that the judgment was rendered without any valid and legal verdict and judgment having been rendered and entered against the principal in the bond; and, moreover, the bond was not payable to Saunders.

*Kline & Moore* and *Benson & Shipp,* for plaintiff.

*James L. Dowling* and *Erle B. Askew,* for defendants.

BECK, P. J. (After stating the foregoing facts.)

1. The judgment rendered by the court was proper under the pleadings and the evidence submitted. The judgment rendered in favor of the plaintiff in the original suit, the Third National Bank of Atlanta, fixed and determined the amount for which the

maker of the note sued on was liable in the first instance. And the judgment subsequently rendered, fixing the relative liabilities of the maker, the indorsers, and the surety, had the same effect as if it had been rendered at the time of taking the first judgment. The fact that that issue was postponed, and the judgment in favor of the original plaintiff was rendered at a term prior to that at which the judgment fixing the respective liabilities of the indorsers was rendered, did not in any way affect the relative liability of the parties for the amount determined and adjudicated by the first verdict and judgment. On the trial of the present case it was shown that Saunders had paid off the judgment recovered by the bank. At the trial had to fix the relative liabilities of the indorsers, Saunders, Adams, and Carlton, the liability of Saunders was fixed as that of a second indorser, and against Adams and Carlton a liability as first indorsers was found and adjudicated; and it was also adjudicated that Saunders should recover in full against Oliff as maker, and Adams and Carlton as first indorsers, whatever he might have to pay by virtue of his having become indorser upon the note. That amount had already been fixed by the first judgment; and when Saunders paid it, he was entitled to recover against Carlton and Adams the full amount, as well as against Oliff. That judgment was brought to this court for review by Carlton and Adams, and Carlton filed a supersedeas bond, with Webb, the petitioner, and others as sureties. The supersedeas bond filed had the usual condition — for the payment of the eventual condemnation-money, and all subsequent costs. In section 6165 (2) of the Civil Code it is provided, that, " If the judgment of the court below is affirmed, it shall and may be lawful for the party gaining said case in the Supreme Court to enter up judgment against the principal and his securities on said [supersedeas] bond, in the same way and manner that judgment is entered up on appeal bonds, or bonds given for the stay of execution." Under the provisions of this statute, when the judgment of the court below fixing the relative liability of the parties, Carlton, Adams, and Saunders, was affirmed upon appeal by Carlton, and the remittitur was made the judgment of the court below, Saunders had the right to enter up judgment on the supersedeas bond for the principal, interest, and costs. The provisions of the code section just quoted were discussed in the case

of *Gwyer* v. *Kennedy,* 61 *Ga.* 255, and the right of the obligee in such a bond to enter a judgment for the eventual condemnation-money was set forth and discussed.

The first verdict in this case in favor of the Third National Bank of Atlanta determined the amount payable by Carlton. No further verdict and judgment to determine that amount was necessary, and Carlton's liability to Saunders became fixed and due when Saunders paid off the judgment in favor of the bank.

*Judgment affirmed. All the Justices concur.*