## SHEPPARD et al. v. SEABOARD AIR-LINE RAILWAY CO.

1. An equitable petition having been brought for an injunction to prevent the enforcement of a fi. fa. issued upon a judgment in a justice's court, on the ground that the judgment had been obtained at a term when the plaintiff in the case in the justice's court had agreed with the defendant therein to continue the case, and that the breach of such agreement was fraud, it was error for the court, at the interlocutory hearing, though the evidence might have been of such a character as to sustain the allegations of the petition showing fraud, to render a judgment enjoining the enforcement of the fi. fa. until the further order of the court, "provided the petitioner should give bond to try the case de novo at the next term of the justice's court and should actually so try it." The judgment was erroneous because final in its nature, and the court was without authority to render such a judgment at the interlocutory hearing.

2. In view of the foregoing ruling, it is not necessary to pass upon certain questions of practice raised as to the jurisdiction of the court to entertain the equitable petition and pass upon the issues made by the pleadings and the evidence.

No. 3952. APRIL 18, 1924.

Injunction. Before Judge Meldrim. Evans superior court. July 23, 1923.

*John W. Sheppard* and *E. A. McWhorter,* for plaintiffs in error.

*W. G. Warnell* and *Edwin A. Cohen,* contra.

BECK, P. J. The defendant in error filed its equitable petition praying for injunction against the levy and enforcement of a fi. fa. issued upon a judgment rendered by a justice's court in favor of the defendant against the plaintiff. Petitioner based its claim to injunctive relief upon the ground that the judgment had been obtained at a term of the court when its counsel was absent, after having entered into an agreement with counsel for the plaintiff in judgment to continue the case, and that the trial of the case which resulted in the judgment in the justice's court was in violation of the terms of the agreement to continue, and was a fraud on petitioner; and that petitioner did not know of the rendition of the judgment until the time within which an appeal could be taken had expired. On February 8, 1923, the defendant in the equitable suit acknowledged service of the petition, waiving "filing, date of filing, and all other and further service." He filed his answer denying the material allegations of fraud alleged to have been committed in the procurement of the judgment. The case came on for hearing at chambers on July 18, 1923; and the court rendered the following judgment: "After hearing the evidence in, and argument of, the

within and above-stated case, it is considered, ordered, and adjudged that a temporary injunction be and the same is hereby granted, restraining and enjoining the defendants named in the petition for injunction in said case from levying the fi. fa., issued on the judgment rendered by Elias Hodges, notary public and ex-officio justice of the peace of the 401st G. M. district of Evans County, said State, and described and referred to in said petition for injunction, until the further order of this court; provided the plaintiff, Seaboard Air-Line Railway Company, enters into a bond, as in cases of appeal, to try said case de novo in said justice court, at the August, 1923, term thereof, and does so try it." To this judgment the defendant excepted. In the bill of exceptions we find numerous assignments of error raising the question of the validity of the judgment. There are no assignments of error upon any of the rulings made by the judge hearing the case pending the trial; but the exceptions taken relate to the validity of the judgment rendered, the authority of the judge to grant it, and the jurisdiction of the court at the interlocutory hearing.

1. One of the assignments was that the injunction granted was final in its nature, and consequently void for want of jurisdiction of the court to render the same at the interlocutory hearing and in vacation. Upon a careful consideration of the order and judgment rendered, as set forth above, it seems that this exception is well taken. The judgment is in its effect final in character; for it was adjudged by the court that the defendant in the petition be enjoined from levying the fi. fa. issued on the judgment (the judgment sought to be vacated) "until the further order of the court; provided the plaintiff, the Seaboard Air-Line Railway Company, enters into a bond, as in cases of appeal, to try said case de novo in said justice court at the August, 1923, term thereof, and does so try it." While the order granting the injunction uses the following language "until the further order of this court," the language quoted is followed by a provision which amounts, in effect, to the setting aside of the judgment rendered in the justice's court and the granting of a new trial, provided the petitioner, the railway company, gives a bond, as in cases of appeal, to try the case at the following August term of the justice's court. The petitioner, who is the defendant in the judgment sought to be set aside, is given the option to treat the judgment rendered at the December term, 1922,

5

of the justice's court as a nullity, and to have another trial of the case. This amounted to a final decision that petitioner was entitled to have the judgment rendered in the justice's court declared a nullity upon the alleged fraud in the procurement of it. And because the judgment is final in its nature, it must be set aside. *Napier* v. *Varner*, 149 *Ga.* 585 (101 S. E. 579).

2. There were certain questions of practice relating to the effect of a failure to issue process until after the hearing, and upon the jurisdiction of the court to entertain the petition and to render judgment thereon; but in view of the ruling made above, it is unnecessary to deal with these practice questions now. If the defendant has not waived the want of process by pleading to the merits of the case, these questions of practice can be decided at the trial when it comes on regularly for hearing in court.

*Judgment reversed. All the Justices concur, except Atkinson and Hines, JJ., dissenting.*