No. 52.—JOHN C. PERKINS and others, plaintiffs in error, *vs.* NICHOLAS DYER, defendant.

[1.] Ordinarily, guardians who have given security for the faithful performance of their duty, have the legal control over mortgage debts owing their wards, and a right to receive and collect the money due thereon, and to release the same, in the proper exercise of their discretion as guardians.

[2.] But where a mortgage is executed to a mother, as the natural guardian of her children, by the administrator of their deceased father, to secure them in their patrimony which he has wasted, it is not in the power of the mother fraudulently to discharge the mortgage lien, to the prejudice of the infant *cestui que trust*, especially where she has failed to give bond, as required by law, to protect them against mismanagement.

[3.] At Common Law, the mother, as guardian by nature or for nurture, has no control over the estate of her minor children.

In Equity, in Troup Superior Court. Application to Judge HILL for an injunction.

This was a bill for discovery and injunction, in favor of the plain-

tiffs in error against the defendant, presented to Judge *Hill* for his sanction.

The bill alleges, that Nicholas Dyer, as the administrator of William Backus, deceased, was indebted to said estate the sum of $1400, and that to secure the payment of the said balance in his hands, executed to Sarah Backus, as natural guardian of the orphans of William Backus, a mortgage on a lot of land in Coweta County; that subsequent to the execution of said mortgage, a judgment was rendered against Dyer, in Coweta Superior Court, in favor of Sandford H. Hubbard, upon which execution was issued and levied on said lot of land, and on the 1st Tuesday in February, 1844, the same was sold, when the complainants became the purchasers; that on the day and at the sale of said land, Nicholas Dyer and Sarah Backus caused to be exhibited to the public and to the complainants, a statement, in writing, of the settlement and satisfaction of the said balance in the hands of Dyer, as administrator, for the security of which the mortgage was executed, and an extinguishment of the lien on said land; that the paper was executed for the purpose of being exhibited at the sale, to induce purchasers to buy who would otherwise have been deterred from so doing in consequence of the mortgage, and that complainants were induced to purchase in consequence of the said paper or receipt; that Joseph Attaway was afterwards appointed guardian of the minors of William Backus, deceased, and foreclosed the mortgage, and has levied the *fi. fa.* issued on foreclosure thereof on the said mortgaged premises, which has been claimed by plaintiffs in error.

The bill farther charges collusion and fraud between Dyer, Sarah Backus and one Thomas Bonner, to defraud the complainants, or whoever might purchase the land; that Bonner had executed a deed to said land to Dyer, which had not been recorded; that at the time of the executing the release of the mortgage lien from Sarah Backus to Bonner, that was read and exhibited on the day of sale, it was understood and agreed by and between them, that Dyer was to cancel the deed of Bonner to himself, and procure Bonner secretly to execute a deed to Sarah Backus, and that the land was to go to sale under the Hubbard *fi. fa.* and after satisfying it, the balance of the proceeds of the sale were to be received by Dyer.

The bill further charges, that complainants are unable to make

proof of these facts charged, without appealing to the conscien-ces of the defendants. The bill prays that the deed made by Bonner to Sarah Backus, as guardian, be set aside; that Bonner re-execute to Dyer a deed to the land to have the same effect as the one cancelled; that the lien of the mortgage be extinguished, and Joseph Attaway be perpetually enjoined from proceeding to collect the mortgage *fi. fa.*

Judge *Hill* refused to sanction the bill and grant the injunction, and the complainants excepted.

His Honor Judge *Warner,* having been of counsel in the Court below, gave no opinion in this case in the Supreme Court.

W. DOUGHERTY, for plaintiffs in error.

BURCH, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We are not willing to control the discretion of the Chancellor in this case, seeing that it has been so beneficially exercised in behalf of infant mortgagees, who are incapable of protecting themselves.

[1.] Had Sarah Backus been duly appointed, by the proper Court, guardian of the person and estate of her children, then she would have had the legal control over the mortgage lien which she undertook to release; and, even as it is, had the money been wanting for the purposes of the trust, for making more advantageous investments, or for the maintenance and education of her wards, or for any other purpose whatever, advantageous to her minor children, this release to the purchaser might have been sanctioned and protected.

[2.] But instead of exercising this usurped power fairly and faithfully, and in conformity with her duty and the interest of her orphans, the bill itself alleges, that it was done falsely and fraudulently, and for the purpose of assisting Dyer. Under these circumstances, it is better that the purchaser at Sheriff's sale should suffer, than that those heirs should be deprived of the remnant of their inheritance, especially as the natural guardian in this case

has failed to give security to protect these infant *cestui que trusts* against this act of gross mismanagement.

[3.] It may be well enough to remark, that guardians by nature, at Common Law, had neither possession nor control of the estate of the ward, whether real or personal. 1 *John. Ch. Rep.* 3. 3 *Pick. Rep.* 213. And it is asserted by the late Ch. J. *Swift*, of Connecticut, that a mother is never considered as guardian of her children, unless it be of nursed children until the age of seven years. 1 *Swift's Dig.* 50. And whether considered as guardian by nature or for nurture, she has no control over the estate of her infant children. *Kline vs. Beebe*, 6 *Conn.* 494.

Had the mother given bond, as required by law, for the faithful and judicious discharge of her trust, the direction given to this case might have been different. As it is, the decree below must be affirmed.