SMITH, BUCK & COMPANY *v.* MOODY.

1. In the trial of an action upon a promissory note containing the stipulation: "And should it become necessary to employ an attorney in the collection of this debt, we promise to pay all reasonable attorney's fees charged therefor," the plaintiff would be entitled to recover only the actual counsel fees incurred by him under a reasonable contract fixing the amount of the same, or, if he made no contract as to amount, then only what would be a reasonable charge; and it would be incumbent on the plaintiff to prove what was charged him for collection and that it was reasonable, or else that no amount was agreed upon between him and his attorney, and then show what would in fact be a reasonable charge; but as the defendant, without objection, permitted the plaintiff to introduce evidence showing that reasonable fees would range from ten to twenty per cent., it was no cause for new trial that the court charged: "Upon the question of attorney's fees, you are to look to this note, and then to the evidence, and determine what would be a reasonable sum for attorney's fees, whether it be ten per cent., fifteen per cent.; or more, upon the amount of the principal and interest found to be due upon this note. For such amount as you may find in that way, the plaintiff would be entitled to recover by virtue of the contract as set out in this note."

2. Where interrogatories were executed by a single commissioner (it being inferential from the record that a second commissioner was dispensed with by consent), and it appeared that the envelope in which the interrogatories and the answers thereto were contained was in a badly mutilated condition, being open half its length on each side and at each of the four corners, and not having the name of the commissioner written across the seal as directed in section 3888 of the code, but there being upon the envelope an entry signed by the postmaster at the office to which it was addressed, in these words, "Received in bad condition in due course of mail, but can't say it has been tampered with," it was error to admit the answers to these interrogatories over the objection of the opposite party, based on the above recited facts, made in due time and in other respects complying fully with the requirements of section 3892 of the code touching exceptions to the execution and return of commissions to take interrogatories. Because of the facts stated the answers ought to have been excluded, although the envelope did have upon it an entry signed by the postmaster at the office where it was mailed, certifying that he had received the package from the commissioner, naming him, to be forwarded by due course of mail. The answers being vitally important to the plaintiff's case, the error in admitting them is cause for a new trial.

3. There was no other error requiring the granting of a new trial.

<span style="font-variant:small-caps">April 30, 1894. Argued at the last term.</span>　　*Judgment reversed.*

Action on notes. Before Judge Sweat. Clinch superior court. October term, 1892.

S. R. Atkinson, S. W. Hitch and S. C. Atkinson, for plaintiffs in error.

E. P. Padgett and J. C. McDonald, *contra.*

---

Hazlehurst *v.* The Brunswick Lumber Company.

The evidence showing that the danger of the work in which the plaintiff was voluntarily engaged must have been as obvious to himself as to his employer; that there was no emergency requiring him to expose himself to the danger; and that, if free from fault himself, the negligence, if any, which resulted in his injury was that of a fellow-servant, he was not entitled to recover, and the court was right in granting a nonsuit.　　*Judgment affirmed.*

<span style="font-variant:small-caps">April 30, 1894. Argued at the last term.</span>

Action for damages. Before Judge Sweat. Glynn superior court. December term, 1892.

Plaintiff was employed by defendant to drive a mule hitched by a rope to a truck used to haul lumber. While so engaged and (as he claimed) without fault on his part, the lumber fell from the truck against him, breaking his leg. He alleged that the truck was defective, inadequate and unsuited to the purpose, and that it was improperly loaded. It was eight feet long and three feet wide, and the lumber on it was thirty feet long and eight by ten inches in width and thickness. It was loaded five tiers high on the truck, which was too short to haul that length of lumber. He had been employed in this work about three weeks. He did not know it was dangerous to haul lumber of that length and size on that length of truck. There were longer and wider trucks at the mill, but they could not be used on account of the lumber being piled so near the track. The usual