### 5024. Newton v. Cooper.

POTTLE, J. 1. By abandonment of his family a father loses parental control over his minor children and the right to their services and the proceeds of their labor. Civil Code, § 3021; *Southern Railway Co.* v. *Flemister*, 120 *Ga.* 524 (48 S. E. 160).

2. A mother who has the care and custody of a minor child who has been abandoned by his father is entitled to the services of the child and the proceeds of his labor. *Savannah &c. Railway Co.* v. *Smith*, 93 *Ga.* 742 (21 S. E. 157); *Amos* v. *Atlanta &c. Railway Co.*, 104 *Ga.* 809 (31 S. E. 42).

3. Where a parent sues one who without his consent employed his minor son, for the value of the son's services while employed by the defendant, the latter has the right to set off the value of necessaries supplied by him to the minor during the employment. *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).

4. Applying the foregoing principles to the testimony of the plaintiff as set forth in the answer of the justice of the peace, the verdict in her favor was warranted. Under her testimony the sum recovered was less than the value of the minor's services after deducting the amount expended by the defendant for necessaries. There was no error in overruling the certiorari.                        *Judgment affirmed.*

DECIDED SEPTEMBER 17, 1913.

Certiorari; from Fayette superior court—Judge R. T. Daniel. May 23, 1913.

*L. C. Dickson,* for plaintiff in error.   *H. A. Allen,* contra.

---

### 5030. Bowen v. DeLoach.

POTTLE, J. 1. Where personalty is sold on cash sale, title does not pass till the purchase-money is paid.

2. The evidence authorized a finding that title to the personalty sued for was not to pass to the person under whom the defendant claimed, until the amount of the purchase-money had been paid, and that the plaintiff had received only a small part of the purchase-money. The fact that the sum so received had not been returned did not operate to pass title into the purchaser, but merely gave him the right to complete the sale and obtain title by payment of the balance due. Not having done this, he acquired no title which he could transmit to a third person. The evidence did not show a conditional sale to the person under whom the defendant claimed, but showed an absolute sale for cash.

*Judgment affirmed.*

DECIDED SEPTEMBER 17, 1913.

Certiorari; from Bryan superior court—Judge Sheppard. May 17, 1913.

*J. V. Dukes,* for plaintiff in error.