## 25610. DeLOACH *v.* WATERS.

Decided October 19, 1936.

*R. M. Girardeau, S. T. Brewton,* for plaintiff in error.

*C. L. Cowart,* contra.

SUTTON, J. 1. A ward on arriving at majority may apply to the ordinary for an order requiring the guardian to appear and submit to a settlement of her account. Code, § 49-301. A petition by a ward to the ordinary, reciting that his mother was duly appointed and qualified as his natural guardian; that thereupon she took possession of certain property of the ward, and has since then had the same in her possession; that she has failed to make any return to the court as required by law; and that the petitioner has arrived at the age of twenty-one years and has demanded of his guardian that she settle with him for the property taken possession of by her, which she has refused to do, but on the contrary she has disposed of or converted said property, and praying that a rule nisi issue directed to said guardian, is in substantial compliance with the above Code section. *Weldon* v. *Patrick*, 69 *Ga.* 724. And where the guardian files a return, and in her response asks for a discharge from her trust and all liability thereunder, denies that she is due petitioner anything, and alleges that he is one of three minor children by her first husband, who is now dead, and that the money referred to by petitioner was given to him by his grandfather, who gave his three grandchildren $125 each, and has been expended by the guardian toward the maintenance and schooling of these children, but it does not appear that any order of the ordinary was obtained authorizing this to be done, and upon the trial of this issue in the superior court (the petitioner having appealed from the judgment of the ordinary approving the return and disallowing his petition and caveat to the return) the petitioner offers evidence tending to show that his mother remarried, that he worked on the farm where his mother and stepfather lived until he was about seventeen years of age, that his services were worth more than he ever received by way of support and maintenance from his mother, that he received no pay for his labor on the farm, and that he went to school only a short time, a verdict of $125 in favor of the petitioner is authorized by the evidence.

2. While the father is alive it is his duty to support and maintain his minor children. Code, § 74-105. In return therefor, he is entitled to the services of his child until he reaches majority. Code, § 74-108; *Royal* v. *Grant*, 5 *Ga. App.* 643 (63 S. E. 708). On the death of the father, the mother is entitled to the services of the minor child, and ordinarily there is imposed upon her the

correlative duty of supporting and maintaining her minor child. *Newton* v. *Cooper*, 13 *Ga. App.* 458 (79 S. E. 356) ; *Thompson* v. *Georgia Railway & Power Co.*, 163 *Ga.* 598, 603 (136 S. E. 895). Therefore, where the father is dead and the mother has remarried, and she undertakes to rear her minor child on the farm where she and her second husband live, and to support and maintain such child, and the child works and labors on this farm and receives no pay, and such services are worth more than the amount of support and maintenance received by him, and it does not appear but that the mother is able to take care of such child; and where the grandfather of such child gives him $125, which the mother receives as his guardian, such money can not properly be expended by her for the support and maintenance of such minor child without a showing by her before the ordinary that such money is needed by her for the support and maintenance of the child, and an order by the ordinary permitting such use. *Hines* v. *Mullins*, 25 *Ga.* 696; *Nunn* v. *Burger*, 76 *Ga.* 705; *Prine* v. *Mapp*, 80 *Ga.* 137 (5 S. E. 66) ; *Crawford* v. *Broomhead*, 97 *Ga.* 617 (25 S. E. 487). The verdict in favor of the plaintiff was not contrary to law. The judge properly overruled the defendant's motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*