30823. MOORE *v.* GREGORY *et al.*

Decided April 21, 1945.   Rehearing denied June 28, 1945.

618

*George W. Westmoreland, E. C. Stark, J. O. Mitchell,* for plaintiff.

*B. Hugh Burgess, Arnold, Gambrell & Arnold,* for defendant.

FELTON, J. ■ The defendants' contention that the plaintiff's renewal suit is barred is without merit. The suit is a renewal of the former suit dismissed before the remittitur in the case was made the judgment of the trial court. This suit was filed within six months of the voluntary dismissal of the former suit. The ruling sustaining the demurrers by the trial court in the first proceedings was conditioned upon the plaintiff's right to amend within a period of fifteen days fixed by the court. However, the trial court had also overruled the defendants' general demurrers, and before the end of the period allowed for the plaintiff to amend, the defendants filed their bill of exceptions to that ruling. The plaintiff could have remedied her case so as to withstand the defendants' demurrers upon the return of the remittitur to the trial court; thus this court's ruling reversing the trial court and sustaining the demurrers of the defendants was not a final adjudication of the issues, as the plaintiff's right to amend still existed at the time of the voluntary dismissal of the case, and the ruling of this court did not finally adjudicate the issues involved in the case. The plaintiff's dismissal of her suit under these conditions did not preclude her from renewing her suit within the six-months' period allowed under the Code, § 3-808. See in this connection, *Savannah, Florida & Western Ry. Co. v. Smith,* 93 Ga. 742 (21 S. E. 157), where it is said: "Where a declaration filed in due time failed, for the want of vitally essential allegations, to set forth a cause of action, but such allegations were afterwards by leave of the court supplied by amendment, and at a subsequent term an order was passed striking the amendment, whereupon the plaintiff dismissed her action and afterwards, within six months, brought another action, which substantially set forth the same cause of action contained in the origi-

nal declaration as amended, this second action was a renewal of the first and was not barred by the statute of limitations, although filed more than two years after the cause of action accrued."

■ The plaintiff has in this suit overcome the discrepancies in her earlier petition by alleging that the proceedings reported by her were a part of the advertisement referred to in the allegedly libelous article written in the Atlanta Journal, and by setting forth the entire advertisement, which advertisement as a whole was not before 'this court in its earlier consideration of the case. While neither the headlines, nor the caption of the article, nor the article itself, relating to the report of the meeting by the plaintiff, in and of itself, could be said to be libelous, it is a question for the jury to decide whether the two taken together constitute a libel as alleged, and whether they charged the plaintiff, in the sense in which they were understood by those reading them, with having written untruthful or false minutes and having made an affidavit that they were true when they in fact were not. The statement by Dr. Cocking that he did not seek to "impugn any improper motives to Miss Moore," and that there might naturally be some variance between a transcript made immediately after taking the notes and one made three and a half years later does not, in view of the particular words of the caption or headline, render the statements innocent as a matter of law. There is nothing libelous in the statement, "He said he didn't know anything about a report that the stenographer is now working with a kinsman of Governor Talmadge."

For the foregoing reasons the judgment of the trial court must be and is

*Reversed. Sutton, P. J., and Parker, J., concur.*