## 19255. McCallum v. Bryant, Next Friend.

Candler, Justice. On September 9, 1953, both legs of Lucy Mae Bryant, a 13-year-old girl, were severed when two trucks owned by H. A. McCallum, and while being operated for him and in prosecution of his business by Luke Bryant and Dave Gallamore, collided. Janie Bryant, the mother of Lucy Mae Bryant and as her next friend, brought a suit for damages and for certain equitable relief against McCallum, Bryant, and Gallamore. In addition to the above facts, her petition alleges that the injury which Lucy Mae Bryant sustained resulted directly from specified acts of negligence in the commission of which all of the defendants participated, and that Lucy Mae Bryant, when so injured, was exercising ordinary care for her own safety. The petition also alleges that William Bryant, husband of Janie Bryant and father of Lucy Mae Bryant, abandoned his family during 1951 and that such abandonment has continuously existed, during which period he has furnished his family, including Lucy Mae Bryant, with no means of support. On September 12, 1953, the defendant McCallum, with full knowledge of the fact that William Bryant had abandoned his family, contacted him and the two, together with James D. Shannon, an attorney, and H. A. Mickler, an insolvent tenant of the defendant McCallum, went to the office of the ordinary of the county in which Lucy Mae Bryant resided. William Bryant pretended to qualify as natural guardian of Lucy Mae Bryant, giving a bond as such, which H. A. Mickler signed as sole surety. When the ordinary was told of William Bryant's desire to qualify as natural guardian of his minor daughter, he was not informed of the fact that Bryant had abandoned his family in 1951, but this fact was fraudulently concealed from him. The ordinary appointed Mickler to represent the minor as guardian ad litem, and the defendant McCallum paid the fee of Shannon, who as attorney represented William Bryant in the proceedings. On the same day William Bryant agreed to compromise and settle Lucy Mae Bryant's claim against the defendant McCallum for $150, and on payment to him of that amount, William Bryant released the defendant McCallum from "all liability present or future on account of any accidental injuries resulting [to Lucy Mae Bryant] from said collision." It is alleged in the petition that the defendant McCallum, William Bryant, and James D. Shannon schemed and connived among themselves to fraudulently compromise and settle the claim of Lucy Mae Bryant against the defendant McCallum, and that their fraudulent scheme was carried out in the manner and way stated above. Besides for process, rule nisi and service, the petition prays for $54,000 as damages, for a decree declaring the proceedings in the court of ordinary and all action taken pursuant thereto to be null and void, and for a decree declaring the release to be of no effect. The defendants McCallum and Gallamore demurred to the petition on general and special grounds. Their demurrers were overruled. The defendant McCallum filed a plea in bar, alleging that he had compromised, fully settled, and had been released from any claim for damages which Lucy Mae Bryant had against him with William Bryant her natural guardian. This plea was "overruled

and denied" by the trial judge. The defendant McCallum excepted, assigning error on the two judgments. *Held:*

1. The grounds of special demurrer have neither been argued in the brief filed for the plaintiff in error nor otherwise insisted upon. This being true, they will be treated as abandoned.

2. There is no merit in the contention that the trial judge erred in overruling the general demurrers. The allegations of the petition are sufficient to show that Lucy Mae Bryant was permanently injured and damaged by the concurrent negligence of the defendants; and that she was, at the time of her injury, exercising ordinary care for her own safety. But the defendants argue that the petition affirmatively shows that, if Lucy Mae Bryant ever had a cause of action for the injury allegedly inflicted upon her by the defendants, it has been fully compromised and settled by her natural guardian; that, as to her cause of action, there had been a complete accord and satisfaction. To this we do not agree, and we will not undertake to deal with all of the acts relating to the purported settlement between William Bryant and the defendant McCallum. The petition alleges that William Bryant abandoned his family during 1951; and, since then, he has not supported his family, including his minor daughter, Lucy Mae Bryant. Unless William Bryant was the natural guardian of Lucy Mae Bryant, he had no legal right to qualify as such and his effort to do so was a nullity. Code § 49-102 declares: "The father, if alive, is the natural guardian [of his minor children]; if dead, the mother is the natural guardian. The natural guardian may not demand or receive the property of the child until a guardian's bond shall be filed and accepted by the ordinary of the county . . ." And Code § 74-108 provides: "Until majority, the child shall remain under the control of the father, who is entitled to his services and the proceeds of his labor. This parental control shall be lost by: (3) Failure of the father to provide necessaries for his child, or his abandonment of his family." These two. Code sections must be construed together. It will be noted from § 74-108 that the father, until his children reach their majority, is entitled to their services and the proceeds of their labor; however, in *Newton* v. *Cooper,* 13 *Ga. App.* 458 (2) (79 S. E. 356), it was held that a mother having the care and custody of a minor child who has been abandoned by his father is entitled to the services of the child and the proceeds of his labor. As authority for this ruling, Judge Pottle, who prepared the opinion, cited *Savannah, Florida &c. Ry. Co.* v. *Smith,* 93 *Ga.* 742 (21 S. E. 157); and *Amos* v. *Atlanta Ry. Co.,* 104 *Ga.* 809 (31 S. E. 42). In 25 Am. Jur. 10, § 6, the author in substance says: In this country, a father has the right to be the guardian of his minor children, but he may forfeit such right by cruel treatment or neglect of them. In 39 C. J. S. 10, § 3, it is said: "A guardian by nature is commonly designated as a 'natural guardian.' And unless it is otherwise provided by statute, the father or, in case of his decease, the mother of an infant is its guardian by nature; and where the father abandons his minor child, the mother becomes the natural guardian." People *v.* Dewey, 23 Misc. 267 (50 N. Y. S. 1013), and Nugent *v.* Powell, 4 Wyo. 173 (33 Pac. 23, 62 Am. St. R. 17, 20 L. R. A. 199), are cited as authority for this pronouncement. In this case we hold that the allegations of the

petition are sufficient to show that William Bryant, the father of Lucy Mae Bryant, had by abandonment of his family and by his failure to furnish his minor daughter, Lucy Mae Bryant, with the necessities of life, ceased to be her natural guardian, and his effort to qualify as such was a nullity. Hence, the petition shows that William Bryant had no legal authority to represent Lucy Mae Bryant as natural guardian, and a compromise and settlement by him of any cause of action she had against the defendant McCallum was of no effect.

3. Where a general demurrer to a petition is overruled, and the defendant brings his case to this court for review by a bill of exceptions assigning error on such ruling, he cannot also properly assign error on a judgment overruling or striking his answer or a part thereof. *Mechanics' Bank* v. *Harrison,* 68 *Ga.* 463; *Turner* v. *Camp,* 110 *Ga.* 631 (36 S. E. 76); *Harvey* v. *Bowles,* 112 *Ga.* 421 (1) (37 S. E. 364); *Fugazzi, Lovelace & Co.* v. *Tomlinson,* 119 *Ga.* 622 (1) (46 S. E. 831); *Cox* v. *Hardee,* 135 *Ga.* 80 (5) (68 S. E. 932); *Hooks* v. *Prince,* 171 *Ga.* 688 (156 S. E. 683). Until his case is finally disposed of, a defendant cannot by a bill of exceptions except to a judgment overruling his plea in bar, even though founded on the direction of a verdict against such plea. *Martin* v. *Green,* 188 *Ga.* 444 (4 S. E. 2d 137). In *Turner* v. *Camp,* supra, it was said: "It does not follow, because the bill of exceptions involves one question over which this court has jurisdiction, that we can consider other questions made therein which are prematurely brought here." The instant case, as the record shows, is still pending in the trial court, and by the rulings made in the above-cited cases this court is presently without jurisdiction to determine the other question raised by the bill of exceptions.

However, since it appears from the allegations of the petition that the instruments sought to be set aside resulted from the fraudulent acts of H. A. McCallum, William Bryant, and H. A. Mickler, and that William Bryant and H. A. Mickler are also necessary parties to the granting of the relief sought, the judgment overruling the demurrer is affirmed with direction that they also be made parties to this proceeding within 30 days, and if this is not so done, the judgment overruling the demurrer will stand reversed.

*Judgment affirmed with direction. All the Justices concur.*

Argued February 14, 1956—Decided April 10, 1956.

*R. A. Chappell, R. A. Harrison,* for plaintiff in error.

*W. W. Larsen, W. W. Larsen, Jr., J. C. Miller, Jr.,* contra.