40328. MANGUM v. MILLS et al.

Decided October 2, 1963—
Rehearing denied October 23, 1963.

*Randall Evans, Jr.,* for plaintiff in error.

*Fulcher, Fulcher, Hagler & Harper, Gould B. Hagler,* contra.

FELTON, Chief Judge. No complete, enforceable and binding contract can be found in the correspondence and surrounding

538

circumstances in which it was written. Implicit in the agreement to write off $500 (assuming but not deciding that being "agreeable" to such a writing off is an agreement to do so), is that it would be done in consideration of the payment of the remainder of the judgment. Otherwise there was no consideration for the agreement. It does not appear that the parties considered the election not to file a motion for a rehearing a consideration for the promise to write off the $500. There was no meeting of the minds of the attorneys, who were acting for their clients, as to the manner in which the judgment was to be paid. Ordinarily such payments are made by check to the attorney alone, or to the client alone, in which latter case the attorney could endorse for the client. If there could be any implied agreement in the circumstances as to how the judgment would be paid it would have to be in one of the above methods. The draft tendered was one suitable to cases where claims are settled without being reduced to judgments, in which event the insurance company or the insured has a right to insist on a receipt in full from the judgment creditor of the insured, releasing the insured from all claims arising from the incident giving rise to the cause of action. In this case a judgment was obtained. There was no claim for personal injury so there was no basis for the demand for a receipt and release from the judgment creditor. The attorney for Mr. Mangum was justified in refusing to accept the draft tendered and in demanding cash whether his doing so be considered reasonable or unreasonable. The contention that Mangum is precluded from contending that the write-off was not effected because he precluded the other party from filing a motion for a rehearing is without merit because after the draft tendered was declined and returned the insurer had ten days in which to pay the judgment in cash and assure the writing off of the punitive damages. This it chose not to do. Hence the present appeal.

The court erred in writing off the punitive damages and in ending the case.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*