46303. MACRIS v. LAUGHLIN INSULATION COMPANY.

ARGUED JUNE 1, 1971—DECIDED SEPTEMBER 8, 1971—
REHEARING DENIED OCTOBER 8, 1971—

574

*Shoob, McLain & Jessee, Robert P. Wilson,* for appellant.

*Davis, Matthews & Quigley, Baxter L. Davis,* for appellee.

PANNELL, Judge. ■ Under *Code* § 49-219 guardians are authorized to compromise all contested or doubtful claims for or against their wards. "Claims" is a word sufficiently broad to include a tort action. *Campbell v. Atlanta Coach Co.,* 58 Ga. App. 824 (200 SE 203). "A duly qualified guardian may negotiate a complete settlement and it is conclusive until set aside in a direct proceeding brought for that purpose." *Penn. &c. Mut. Cas. Ins. Co. v. Hill,* 113 Ga. App. 283, 294 (148 SE2d 83). There is no requirement that such a compromise be approved by the ordinary as is the case with doubtful debts under *Code* § 49-221 referring to liquidated contractual demands.

■ The plaintiff contends that the pleaded agreement referred only to an expressed intention on the part of both signatories to cancel the lease, and that there was no intention upon the part of either to release or waive any claim for damages to the leased premises or equipment resulting from the fire. The defendant, on the contrary, contends that the purpose of the contract was that the plaintiff renounce any claim for damages to the premises caused by the fire in consideration of the defendant's renunciation of any claim for loss of his property stored inside. "If each of the parties to a contract agree to release the other from further obligation thereunder, the release of each furnishes a considera-

tion for that of the other." *Chandler v. Griffin,* 132 Ga. 847 (3) (65 SE 128). The rule would be the same if the release constituted mutual promises to release the opposite party from a liability in tort, since the promise of each would constitute a consideration for the other. *Code* § 20-304. The question here is not whether such a release is valid, which it is, but whether as a matter of law it covers the subject matter of this suit. The subject matter of the release is clearly shown in the release itself and it constitutes a release of any and all claims by the parties relating to the fire as well as the contract of lease. It is not ambiguous, but is specific as to the subject matter upon which the release operates and cannot be altered or its terms varied by parol evidence in the absence of fraud, accident or mistake. See *Owens v. Service Fire Ins. Co.,* 90 Ga. App. 553 (2) (83 SE2d 249); *Crow v. Bowers,* 204 Ga. 786 (2, 3) (51 SE2d 855); *Stonecypher v. Ga. Power Co.,* 183 Ga. 498, 501 (189 SE 13). Accordingly, the trial judge did not err in refusing to strike the defense of settlement by release.

*Judgment affirmed. Jordan, P. J., Hall, P. J., Eberhardt, Quillian and Evans, JJ., concur. Whitman, J., concurs specially. Bell, C. J., and Deen, J., dissent.*

WHITMAN, Judge, concurring specially. 1. I concur specially in the majority opinion in this case. I agree that the release set up in the answer was not ambiguous and if proven constitutes a valid defense to the plaintiff's complaint.

2. It is my view that the release alone by its own language evidences a sufficient legal consideration for the release by plaintiff-landlord George John Macris, by his guardian Neill Leach, of and to his tenant-defendant of all liability for the alleged negligence of the defendant in causing the substantial destruction by fire of the leased premises. It appears from paragraph 2 of the complaint that the lease agreement was in writing and this is admitted by the defendant's answer. The language of the lease does not appear from the record. The order of the trial court of date March 29, 1971, filed March 30, 1971, denying the motion of plaintiff to dismiss and physically expunge from defendant's answer the plea of defendant predicated upon the release, does not refer to the affidavit of Neill Leach of date December 16, 1970, filed December

22, 1970, which recites that the lease agreement was for a term of five years beginning September 3, 1968, for a stated monthly consideration, and that during the term of the lease a fire occurred on January 23, 1969, making the leased premises untenantable. It is not deemed necessary to consider whether or not said affidavit is to be regarded as material in determining the correctness of the trial court's ruling on the motion to strike and expunge the plea on the theory that if considered by the trial judge it converted the motion to strike into a motion for summary judgment in respect of the sufficiency of the plea.

By the release the lease agreement was canceled, thereby releasing the tenant from further obligation to pay rent and resulting in the surrender of possession of the leased premises by the tenant to the landlord-plaintiff. And upon consideration thereof, that is, the mutual cancellation of the lease agreement with these consequences, each of the parties released the other "from any and all claims," and this included the claim of the landlord against the tenant for the substantial destruction of the leased premises by fire allegedly due to the tenant's negligence. In this connection see Annot. *Code* § 61-113, and the cases cited in the editorial note thereto.

DEEN, Judge, dissenting. "A release is to be construed according to the intent of the parties. Surrounding circumstances are admissible to explain an ambiguity." *Central Ga. Power Co. v. Pope*, 144 Ga. 130, 134 (86 SE 322). Here the plaintiff contends that the language "the premises leased . . . having been destroyed . . . the lease agreement is canceled . . . and the parties . . . mutually release each other from any and all claims" means "all claims arising from the lease." Such claims sound in contract, whereas the property damage claim is entirely separate from the lease and sounds in tort. While the defendant's view may well be correct, I think the language is susceptible to either construction and that the issue should be passed on by a jury.

I am authorized to state that Chief Judge Bell concurs in this dissent.