47273. LYNN et al. v. WAGSTAFF MOTOR COMPANY, INC. et al.

ARGUED JUNE 6, 1972—DECIDED JUNE 16, 1972.

*George & George, William V. George,* for appellants.

*Neely, Freeman & Hawkins, Joe C. Freeman, Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes, James Patrick Cooney,* for appellees.

HALL, Presiding Judge. A person may intervene of right when he "claims an interest relating to the property or transaction which is the subject matter of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." *Code Ann.* § 81A-124 (a) (2). It has frequently been stated that the requirements for intervention under the rule are three-fold: interest, impairment resulting from an unfavorable disposition, and inadequate representation. See 3B Moore's Federal Practice 24-281, § 24.09-1[1].

There is no difficulty with the first requirement. As statutory beneficiaries of the wrongful death act, the children have an interest in any judgment which may be had. *Code* § 105-1304. The applicants contend that both other requirements are also met since an adverse decision on the widow's attempt to set aside the release will stand as a bar to their claim; that they are in a stronger legal position as infants to have this release set aside; and that if not present in this suit as parties, there will be no mechanism by which they can assert their rights.

If these propositions were indeed correct, the children

would be entitled to intervene. We believe, however, that the premises are faulty. While there is no case directly on point, the solution can be reached by consideration of analagous situations.

As merely a natural guardian, a parent may not act as a representative of his child's property interests. To do this, he must qualify with the ordinary as guardian of the property. *Code Ann.* § 49-102; Stubbs, Georgia Law of Children p. 98, § 46. A chose in action is property and a natural guardian has no more authority to sign it away than he would have to sell tangible property of the child. *Perkins v. Dyer,* 6 Ga. 401, Cf. *McCallum v. Bryant,* 212 Ga. 348 (92 SE2d 531). The authority of an appointed guardian to compromise a claim without court approval under *Code* § 49-219 is not applicable. The child is there protected from improvidence by the guardian's bond. The same is true of the general rule authorizing administrators to compromise or settle wrongful death actions in those states in which the administrator is the statutory representative. See 72 ALR2d 285. When a child has no recourse against a representative—here because it is a parent and merely a natural guardian, then authority to bind the child cannot exist. For further example, once a suit is in progress even a guardian ad litem or next friend (they do not post a bond) may not compromise or settle the child's claim without the approval of the court. *Betts v. Hancock,* 27 Ga. App. 63 (107 SE 377). The mother, per se, should have no greater authority.

Approached from another angle, settlement with one or more beneficiaries does not bar any others from proceeding with a wrongful death action. The settling tortfeasor is deemed to have waived the rule against splitting a cause of action. *Southeastern Greyhound Lines v. Wells,* 204 Ga. 814 (51 SE2d 569). Further, each beneficiary has a separate cause of action for the death of a husband and father. The fact that one of them will not be entitled to damages (e.g., his negligence caused the death) does not bar the others from bringing suit for a proportional part of the value of

the life. *Walden v. Coleman*, 217 Ga. 599 (124 SE2d 265, 95 ALR2d 579). See also *Happy Valley Farms v. Wilson*, 192 Ga. 830 (16 SE2d 720).

The only possible conclusion is that the release signed by the mother can in no way bind the children; and even if upheld as to her personally, does not bar them from proceeding for their proportionate share. The applicant's fears of inadequate representation by the widow in this respect are therefore groundless.

However, they also appear to believe that if the widow is foreclosed, they will be completely out of the case unless they are parties represented by a next friend. This also is not true. The widow-mother will still be their representative. There was a similar situation in *Happy Valley Farms v. Wilson*, supra, where the husband's negligence was the alleged cause of the mother's death. While the section under which they were proceeding provides that the children are parties and *Code* § 105-1302 does not, the strict construction of the latter section (as a procedural matter) cannot have the effect of denying representation to children if it is their father rather than their mother who has been killed. It has been held that as long as the widow is alive, only she may bring the action; and even if she fails and refuses, the children may not act through a next friend. *Bloodworth v. Jones*, 191 Ga. 193 (11 SE2d 658). There the widow had relinquished their custody and renounced any right she might have in the recovery. The effect of the court's holding was to insist that she was their statutory representative regardless of whether she shared in the fruits. We can see no difference here. If the widow receives an adverse determination on the release issue, she will not be thrown out of the courtroom. She will remain as her children's representative under § 105-1302; and indeed, could not appear as next friend, according to *Bloodworth*, supra.

As a purely practical matter, her representation will be adequate no matter what hat she might be wearing. It is clearly in her interest to vigorously forward the interest of

her minor children to their proportional share. That she has appeared as next friend in the intervention application demonstrates that she cares whether they recover even if she does not.

For these reasons, the court did not err in denying intervention of right. It also did not err in denying permissive intervention under *Code Ann.* § 81A-124 (b) as the addition of the children as separate parties would tend to confuse an already complex situation.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*