## A91A0447. KING COTTON, LTD. v. POWERS et al.
(409 SE2d 67)

CARLEY, Judge

This is the second appearance of the instant tort action before this court. In *King Cotton, Ltd. v. Powers,* 190 Ga. App. 845 (380 SE2d 481) (1989), we reversed the judgment that had been entered on a jury verdict in favor of appellee-plaintiffs. A new trial was held and a jury verdict was again returned in favor of appellees. Appellant-defendant appeals from the judgment that was entered by the trial court on this jury verdict.

1. Any issue that was raised and resolved in the earlier appeal is the law of the case and, notwithstanding appellant's request for reconsideration, is binding. *Redmond v. Blau,* 153 Ga. App. 395 (265 SE2d 329) (1980).

2. Prior to the return of the verdict in the first trial, appellees agreed to a collective settlement with all defendants in the case except appellant. This collective settlement was for the lump sum amount of $750,000 and was not otherwise allocated as between the respective claims of the various appellees. After the return of the verdict in the first trial, but prior to the entry of any judgment thereon, an order of the probate court was obtained which purported to allocate specified amounts of the $750,000 to the minor appellees. This order of the probate court was not considered by the trial court in molding the original judgment and was not, therefore, considered in *King Cotton, Ltd. v. Powers,* supra. However, in molding the instant judgment, the trial court did rely, over appellant's objection, on the probate court's allocation order. Appellant enumerates this reliance by the trial court as error.

Appellant was neither a party to the proceedings in the probate court (compare *Taylor v. Bennett,* 260 Ga. 20 (389 SE2d 242) (1990)), nor does it seek merely to attack collaterally the probate court's appointment of a guardian for the minor appellees. Compare *Bennett v. Bennett,* 194 Ga. App. 197 (390 SE2d 276) (1990). Instead, appellant ultimately questions the jurisdiction of the probate court to make a binding determination as to the settlement reached on behalf of the minor appellees. "The judgment of a court having no jurisdiction of the person or the subject matter or which is void for any other cause is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." OCGA § 9-12-16.

A probate court clearly has jurisdiction to appoint a guardian for a minor. OCGA § 15-9-30 (a) (5). However, a guardian, once appointed, need not obtain the approval of the probate court to settle a contested or doubtful claim for or against the minor. OCGA § 29-2-16; *Macris v. Laughlin Insulation Co.*, 124 Ga. App. 573, 574 (1) (185 SE2d 413) (1971). Compare OCGA § 29-2-18. Accordingly, any settlement of the tort claims of the minor appellees to which their duly appointed guardian agreed would not have to be approved by the probate court. However, the approval of the trial court would be necessary here because the settlement was reached after litigation of the minor appellees' claims had commenced. "[O]nce a suit is in progress even a guardian ad litem or next friend . . . may not compromise or settle the child's claim without the approval of the [trial] court. [Cit.]" *Lynn v. Wagstaff Motor Co.*, 126 Ga. App. 516, 518 (191 SE2d 324) (1972). Since it was not the probate court but the trial court wherein the suit was pending that had jurisdiction to address the settlement of the minor appellees' claims, it follows that, in molding the instant judgment, the trial court erred in relying upon the probate court's void order. " 'A guardian ad litem or next friend has no authority to compromise or settle a suit except by leave of the [trial] court. . . .' [Cits.]" *Betts v. Hancock*, 27 Ga. App. 63, 65 (d) (107 SE 377) (1921). The judgment in the instant case should have been molded so as to conform to the settlement agreement without regard to the probate court's void order purporting to allocate a portion of the settlement amount.

Whether approving a minor's settlement of a pending suit in specific or considering the enforceability of any settlement agreement in general, a trial court is obviously limited to those terms upon which the parties themselves have mutually agreed. Absent such mutual agreement, there is no enforceable contract as between the parties. *Mangum v. Mills*, 108 Ga. App. 535 (133 SE2d 429) (1963); *Manget v. Carlton*, 34 Ga. App. 556 (3) (130 SE 604) (1925). "It is the duty of courts to construe and enforce *contracts as made*, and not to make them for the parties." (Emphasis supplied.) *Carr v. L. & N. R. Co.*, 141 Ga. 219, 222 (80 SE 716) (1914). The only settlement agreement in the instant case upon which there was *any* purported mutual agreement was that whereby all appellees agreed to settle as against all defendants other than appellant for the unallocated lump sum of $750,000. Any further agreement as between appellees themselves concerning their allocation of the $750,000 as among themselves may have been tangential to the agreement that had been reached with the settling defendants. However, such an allocation among the appellees, not having been a term which was agreed to by the settling defendants, would *not* be an element of the settlement agreement itself.

In *King Cotton, Ltd. v. Powers*, supra at 849 (2), we held: "Upon

retrial, either the settlement amount may be disclosed to the jury and the jury instructed to consider that amount in awarding its verdict against [appellant], or the amount of the settlement must be withheld from the jury and the jury instructed to disregard any dismissals from the action and anything they may have heard regarding settlement and return a verdict for the total amount due each plaintiff as a result of the accident. *If the latter option is elected, the court would then, of course, set off the amount of the settlement allocated to each plaintiff from the jury's award.* [Cit.]" (Emphasis supplied.) Upon retrial, it was "the latter option" which was followed. Accordingly, in molding the instant judgment, the trial court was required to "set off the amount of the settlement allocated to each [appellee] from the jury's award." As discussed above, the settlement agreement did not allocate any *specific* portions of the $750,000 to the appellees individually, but provided for an unallocated lump sum payment of $750,000 in collective settlement of all of appellees' respective claims. Therefore, in molding the instant judgment, the trial court would be required to set off the *entire* unallocated settlement payment of $750,000 against the *total* amount of the verdicts returned for all appellees.

This would be necessary because of appellees' *own* election to aggregate their individual claims and to enter into a collective unallocated lump sum settlement with the other defendants. Each appellee was entitled to but one full satisfaction of his injury and, in pro tanto satisfaction thereof, appellant was entitled to the full benefit of the $750,000 paid by the other defendants. *Ford Motor Co. v. Lee,* 237 Ga. 554, 556 (2) (229 SE2d 379) (1976). To insure this result, it would obviously be necessary that appellees' own treatment of their claims be consistent. Having aggregated their individual claims and entered into a collective unallocated lump sum settlement with the other defendants, appellees would not be entitled thereafter to resegregate their claims and manipulate their allocation of the settlement amount among themselves so as to secure more than one full satisfaction and to deny appellant the full benefit of the $750,000 as a set off. "[I]n a tort action, compensation, and not enrichment, is the basis for the award of damages." *Atlantic Coast Line R. Co. v. Ouzts,* 82 Ga. App. 36, 58 (2) (60 SE2d 770) (1950). "The plaintiffs in the case must stand upon the contract as made by the parties." *Carr v. L. & N. R. Co.,* supra at 222. The settlement contract "as made by the parties" and upon which appellees "must stand" was for an unallocated lump sum payment in collective settlement of all of appellees' respective claims. Consistent with that contract, appellees would be required to aggregate the total amounts of their individual verdicts obtained against appellant, then set off therefrom the entire $750,000 unallocated settlement payment and, if, after doing so, there was any lump sum

monetary recovery against appellant, resolve as between themselves the issue of the allocation of that lump sum recovery.

3. Remaining enumerations of error have been considered and are without merit.

4. The judgment is affirmed with direction that the trial court is to remold the judgment consistent with our holding in Division 2 of this opinion.

*Judgment affirmed with direction. Banke, P. J., and Beasley, J., concur.*

DECIDED JULY 3, 1991 —
RECONSIDERATION DENIED JULY 17, 1991 —

*Langley & Lee, C. Richard Langley*, for appellant.
*Cannon & Meyer Von Bremen, William E. Cannon, Jr.*, for appellees.