**Helen HAY, as Legal Guardian of TIFFANY HAY, a minor, and Tanya Hay, individually, Heirs at Law of Sheila Hay, deceased,**

v.

**NORFOLK SOUTHERN RAILWAY, a Virginia corporation, doing business in Georgia.**

Civ. No. 1:94–CV–869–WCO.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 22, 1994.

---

Andrew Russell Blank, Andrew Estes, A. Russell Blank & Associates, Atlanta, GA, for plaintiffs.

Eileen Crowley, Michael Shane Welsh, Branch, Pike & Ganz, Atlanta, GA, for defendant.

## ORDER

O'KELLEY, Chief Judge.

The captioned case is before the court on defendant's motion for summary judgment [6–1].

## FACTS

The facts surrounding this case are essentially undisputed. On March 1, 1992, Sheila Hay died as a result of a collision between her automobile and a train operated by defendant. The collision occurred at the railroad crossing on Liberty Road in Villa Rica, Georgia. Ms. Hay drove her vehicle onto the tracks, crossing the path of an oncoming Norfolk Southern Railway Company ("Norfolk Southern") train. Ms. Hay was survived by two minor children, Tiffany and Tanya Hay.

On March 26, 1992, two legal guardians were appointed for the minor children. Edward F. Kachnic, the husband of the minors' aunt, was appointed guardian of the property. Helen Hay, the minors' grandmother, was appointed guardian of the person. On July 9, 1993, Kachnic, in his capacity as legal guardian, executed a release. Pursuant to such release, Kachnic discharged defendant from the claim for which plaintiffs now seek recovery. In consideration for the release and discharge, Norfolk Southern tendered $13,000.00 to Kachnic as guardian of the property. Kachnic accepted the money on behalf of the minors. The settlement was reported in the annual accounting to the probate court. No approval of the probate court was obtained prior to execution of the settlement agreement. On February 23, 1994, Helen Hay, in her capacity as legal guardian of Tiffany Hay and Tanya Hay, now of majority age, commenced the pending wrongful death action against Norfolk Southern.

## LEGAL ANALYSIS

I. *Summary Judgment*

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Only those claims for which there is no need for a factual determination and for which there is a clear legal basis are properly dis-

posed of through summary judgment. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

It is well settled that a court considering a motion for summary judgment must view the evidence in a light most favorable to the non-moving party. *See, e.g., Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988); *Tippens v. Celotex Corp.,* 805 F.2d 949, 952 (11th Cir.1986), *reh'g denied,* 815 F.2d 66 (11th Cir.1987). It is important to recognize, however, that this principle does not require the parties to concur on every factual point. That notwithstanding, the absence of any genuine factual dispute in the case at bar places a premium on the legal questions. The proper inquiry in evaluating the motion for summary judgment in this case, is confined to whether defendant is entitled to judgment as a matter of law.

## II. *Wrongful Death Claim*

In order to ascertain whether summary judgment is appropriate, two questions must be answered: (1) whether a wrongful death action is a property right which can be settled or compromised by the guardian of the property, as opposed to the guardian of the person, and (2) if such settlement is permissible under Georgia law, can it be obtained without prior approval from the probate court. Because the court finds that the answer to each of these questions is affirmative, the defendant will prevail on this pending motion.

### A. *The Nature of the Wrongful Death Action*

In regard to the first question posed above, the court finds, as a matter of law, that a wrongful death action, a chose in action, is a property right. This conclusion is supported by the Supreme Court of Georgia, albeit in dicta. In justifying a decision, the Supreme Court of Georgia held that "[t]his holding adequately protects any **property interest** that children might have in an action for a parent's wrongful death." *O'Kelley v. Hospital Authority of Gwinnett County,* 256 Ga. 373, 374, 349 S.E.2d 382 (1986), *overruled on other grounds by Brown v. Liberty Oil and Refining Corp.,* 261 Ga. 214, 403 S.E.2d 806 (1991) (emphasis added). The *O'Kelley* court reached its decision in light of the appellants' contention that "they possess a property right in the action for their father's wrongful death." *Id.* 256 Ga. at 373, 349 S.E.2d 382. This principle has been recognized elsewhere. Thus, "[a]s a merely natural guardian, a parent may not act as a representative of his child's property interests. To do this, he must qualify with the ordinary as a guardian of the property.... **A chose in action is property and a natural guardian [or guardian of the person] has no more authority to sign it away than he would have to sell tangible property of the child.**" *Lynn v. Wagstaff Motor Co., Inc.,* 126 Ga.App. 516, 518, 191 S.E.2d 324 (1972) (citations omitted). The fact that only a guardian of property can represent a ward in regard to a chose in action substantiates the conclusion that a wrongful death action (a specific chose in action) is a property interest.

O.C.G.A. § 29–2–16(a) (1993) provides: "A guardian is authorized to compromise all contested or doubtful claims against the ward he represents...." " 'Claims' is a word sufficiently broad to include a tort action." *Macris v. Laughlin Insulation Co.,* 124 Ga.App. 573, 574, 185 S.E.2d 413 (1971) (*citing Campbell v. Atlanta Coach Co.,* 58 Ga.App. 824, 200 S.E. 203 (1938)). The *Macris* court further held that " '[a] duly qualified guardian may negotiate a complete settlement and it is conclusive until set aside in a direct proceeding brought for that purpose.' " *Macris, supra,* 124 Ga.App. at 574, 185 S.E.2d 413 (*quoting Pennsylvania Threshermen & Farmers Mut. Casualty Insur. Co. v. Hill,* 113 Ga.App. 283, 294, 148 S.E.2d 83 (1966)). This latter point is significant because the guardian of the property, Kachnic, did negotiate a complete settlement, and there has been no direct proceeding to set it aside.[1] The challenge to that settlement, currently before this court, has been raised by way of

---

1. It is worth noting that Kachnic's appointment as a guardian of the property was legally valid. Further, there has been no objection to the settlement from the children, who were informed of its terms. The money has been accepted and distributed.

a collateral proceeding. This court cannot set aside the settlement in the absence of a direct challenge.[2]

Based on the above discussion, the court finds as a matter of law that a wrongful death action is a property right and that this property right is one which may be compromised or settled by a duly appointed guardian of property pursuant to O.C.G.A. § 29–2–16(a).

### B. *The Question of Prior Approval*

■ Having concluded that the wrongful death action is a property interest which may be settled by the guardian of the property, the court must then determine whether prior approval of the probate court is mandated by Georgia law. The answer is no.

The Georgia code states:

If an order of approval is obtained from the judge of the probate court based upon the best interest of the ward, the guardian is authorized to compromise any contested or doubtful claim in favor of the ward he represents **without receiving the consideration for such compromise as a lump sum.** Without limiting the foregoing, such compromise may be in exchange for an arrangement which defers receipt of part or all of the consideration for the compromise until after the ward reaches majority and may involve a structured settlement or creation of a trust on such terms as the court approves.

O.C.G.A. § 29–2–16(b) (emphasis added). The reason for citing the above section in its entirety is to emphasize its inapplicability. Plaintiff argues that this section contemplates prior approval of *any* compromised claim. That interpretation, however, is not faithful to the text. The statute permits settlement to assume a form other than a one time, lump sum payment if probate court approval is obtained. This is a distinct section from § 29–2–16(a), quoted above, which grants a general power to the guardian to settle contested claims. The case *sub judice* was in fact settled with a lump sum payment

of $13,000.00. Thus, § 29–2–16(b) is inapplicable to the facts before this court.

Insofar as a lump sum settlement is concerned, "a guardian, once appointed, **need not obtain the approval of the probate court** to settle a contested or doubtful claim for or against the minor." *King Cotton, Ltd. v. Powers,* 200 Ga.App. 549, 550, 409 S.E.2d 67 (1991) (*citing Macris, supra,* 124 Ga.App. at 574, 185 S.E.2d 413) (emphasis added) (referring to O.C.G.A. § 29–2–16(a)). *Certiorari* was initially granted and then subsequently revoked by the Supreme Court of Georgia in the *King* case. The United States Supreme Court also denied *certiorari.* 113 S.Ct. 73 (1992). The conclusion reached in the *King* decision is further supported by reference to another section of the Georgia code. O.C.G.A. § 29–2–18 (1993) (emphasis added) provides: "Guardians are authorized to compromise all **debts** the collection of which is doubtful in favor of their wards where such settlements will advance the interests of the wards **after the judge of the probate court makes an order directing the compromise.**" Thus, in the case of compromising a debt, as opposed to a claim, the legislature stated in no uncertain terms the requirement of prior approval. Had such a requirement been intended to be a part of § 29–2–16(a) it would have been explicitly included.

Therefore, the court finds, as a matter of law, that a guardian of property need not obtain prior approval of the probate court in order to compromise or settle a contested or disputed claim.

### CONCLUSION

Accordingly, based on the discussion of law and facts above, defendant's motion for summary judgment is hereby GRANTED [6–1]. Judgment shall be entered in favor of the defendant.

IT IS SO ORDERED.

---

2. This should not be interpreted to suggest that were a direct challenge before the court, the court would rule that the settlement should be set aside.